1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DEMORRIS LANE,                          No.  2:19-CV-2147-MCE-DMC-P

12                    Petitioner,

13        v.                                 <u>FINDINGS AND RECOMMENDATIONS</u>

14   SUPERIOR COURT OF CALIFORNIA,

15                    Respondent.

16

17            Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  On February 13, 2020, the Court dismissed

19   petitioner's petition and directed petitioner to file an amended petition within 30 days.  Petitioner

20   was warned that failure to file an amended petition may result in dismissal of this action for lack

21   of prosecution and failure to comply with court rules and orders.  <u>See</u> Local Rule 110.  To date,

22   petitioner has not complied.

23            The Court must weigh five factors before imposing the harsh sanction of

24   dismissal.  <u>See</u> <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir. 2000); <u>Malone v.</u>

25   <u>U.S. Postal Service,</u> 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's

26   interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)

27   the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on

28   their merits; and (5) the availability of less drastic sanctions.  <u>See</u> <u>id.</u>; <u>see also</u> <u>Ghazali v. Moran,</u>

                                              1

46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of petitioner's failure to file an amended petition as directed, the Court finds that dismissal of this action is appropriate.

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 26, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2